## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV1594-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **GLENDA BEEBE,** *et al.* | : | PLAINTIFFS |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC.,** *et al.* | : | DEFENDANTS |

## ORDER

After reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints,[1] as well as the Federal Rules of Civil Procedure.  Accordingly, under Rule 21 of the Federal Rules of Civil Procedure, <u>every</u> plaintiff other than the first named plaintiff,[2] is DROPPED from this civil action as follows:

(1) Dropped plaintiffs have 30 days from the date of this Order to file new, individual[3] complaints in a proper venue.  The complaints should be served in accordance with the Rules of Civil Procedure.

(2) Without further order of the Court, claims of dropped plaintiffs who do not file new civil actions within the 30 day period will be considered dismissed without prejudice.

---

[1] I first addressed the multi-plaintiff issue in August, 2004.  See *In re Prempro*, 4:03-CV-01507-WRW, Doc. No. 329.  The Order reads "all attorneys filing related cases in the future should **avoid filing complaints joining unrelated individuals as parties-plaintiff** . . . ." (emphasis in original).

[2] Glenda Beebe will remain in the original lawsuit. However, within 40 days of the date of this Order, she must cure the complaint to remove any unnecessary defendants.

[3] An exception to this Order is that a plaintiff and her spouse and children (or any other associated derivative claimant) need not be severed from each other.

1

2

(3) Dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes for 30 days after the date of this Order or until the filing of their new complaints in the appropriate venue -- whichever is first.

(4) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(5) Counsel are reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

(6) The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of § 1407 transfers of these cases back to MDL No. 1507 for coordinated and consolidated pretrial proceedings.

IT IS SO ORDERED this 29th day of March, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE